## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SAMUEL JEFFREY

                 Plaintiff,

      v

CITY OF NEW YORK, JANE DOE and
JOHN DOE

               Defendant.

Civil Action No.  19-2658

**COMPLAINT**

1.     This is a claim for personal injuries and civil rights violations stemming from the intentional, negligent, and reckless conduct of the City of New York and its employees and agents on the morning of October 22, 2015.; unreasonable search and seizure and excessive force under the 4th and 14th Amendments to the United States Constitution and Article 1 § 12 of the New  York  State  Constitution;  false arrest;  assault;  battery;  prima facie  tort; negligence; gross negligence; negligent screening, hiring, training, retention, and supervision; negligent infliction of emotional distress; intentional infliction of emotional distress. Plaintiff further asserts a claim for *respondeat superior* liability of the City of New York for all claims. Plaintiff also asserts claims for physical injuries, emotional, mental

and psychological pain and suffering, embarrassment and humiliation sustained by the Plaintiff as a result of the intentional, reckless, careless and/or negligent acts, and in violation of Plaintiff's civil rights, by employees, servants and agents of the City of New York, acting in the alleged performance of their employment and/or authority with actual or with apparent authority, and as a result of the acts of the City of New York in their ownership, operation, maintenance, supervision and control of their employees, agents or servants and in the hiring, training, instructing, retaining, and/or supervising the incompetent, unfit, dangerous and/or unsuitable employees, agents, or servants by whom Plaintiff was injured .

2.      On October 22, 2015, in the morning, Plaintiff was assaulted and battered by City of New York Housing police officers John Doe and Jane Doe in the vicinity the cafeteria on the second floor of the BRC homeless shelter situated at 27West 25th Street, New York, New York 10001. In particular and without limitation, said police officers approached Plaintiff and thereafter unlawfully and without cause assaulted arid battered Plaintiff by inter alia forcing him to a place out of sight of surveillance cameras and forcibly slamming him against a wall, forcing him to the ground, handcuffing him, pinning him to the ground and stomping on Plaintiff's knee and shoulder, all the while verbally abusing Plaintiff. Plaintiff

eventually was released by the officers with a citation for disturbing the

peace. Plaintiff had to seek hospital treatment for his injuries and remained

physically limited for some time thereafter.

3.     The Plaintiff's injuries include, without limitation, the following:

physical injuries, pain and suffering, scarring, emotional distress and

mental anguish, deprivation of liberty and civil rights, and special damages.

**AS AND FOR A FIRST CAUSE OF ACTION:**
**VIOLATION OF PROPERTY AND LIBERTY**
**INTERESTS PROTECTED UNDER 42 USC § 1983**
**AND ARTICLE 1 § 6 OF THE NEW YORK STATE**
**CONSTITUTION**

Plaintiff's property and liberty interests were violated in contravention of

the 14th Amendment to the United States Constitution, enforceable by 42

USC § 1983, and in violation of Article 1 § 6 of the New York State

Constitution;

**AS AND FOR A SECOND CAUSE OF ACTION:**
**VIOLATION OF RIGHT TO EQUAL**
**PROTECTION OF THE LAWS UNDER 42 USC §**
**198, AND ARTICLE 1 § 6 OF THE NEW YORK**
**STATE CONSTITUTION**

Plaintiff's property and liberty interests were violated in violation of the

Plaintiff's right to equal protection of laws in violation of the 14th

3

Amendment to the United States Constitution enforceable by 42 USC §

1983, and Article 1 § 11 of the New York State Constitution.

4.      Plaintiff seeks, among other things, the following relief: monetary

redress for injuries to Plaintiff's well-being, the full extent of which are to

be determined at trial but in no event less than $100,000; damages for

physical, mental and psychological pain and suffering; and punitive

damages; as well as damages under 42 U.S.C. § 1983, including reasonable

attorneys' fees and costs, in amounts to be determined at trial but in no

event less than $100,000.

5.      There are no statute of limitation issues in this matter due to the fact

that Plaintiff has spent much of the last two years incarcerated.


Dated: New York, New York
          March 22, 2019


                              *//A. Grant McCrea//*

                              *Counsel for Plaintiff*
                              Law Offices of A. Grant McCrea
                              444 Central Park West #4H
                              New York NY 10025
                              (646) 660-0887
                              agm@agmccrealaw.com

4